UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

GREGORY SHEA, on behalf of himself and
All Others Similarly Situated,

                              Plaintiff,

v.

UNITED PARCEL SERVICE, INC.,

                              Defendant.

07-CA-11384-JLT

**LEAVE TO FILE GRANTED
SEPTEMBER 20, 2007**

## PLAINTIFF'S REPLY MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO REMAND

      Defendant's memorandum in opposition to the Plaintiff's motion to remand fails to meet the arguments raised by Plaintiff. Despite repeatedly claiming that resolution of the case requires an interpretation of the collective bargaining agreement ("CBA"), it fails to identify a single provision of the agreement that would form the basis of any real interpretive *dispute*. This case will turn on the employees' punch-in and punch-out records maintained by the Defendant, and the other documents recording the work and training schedules of the employees. Defendant does not claim that the CBA excused the Defendant from paying for any time the employees were required to be on its premises. On the contrary, Defendant concedes that such time is compensable and instead argues that it actually paid its employees for all such work hours. The disputes here are factual -- not contractual. They simply do not concern the interpretation of the CBA. Absent a real interpretive dispute over the CBA, the claims are not preempted.

      With respect to Defendant's argument regarding the amount in controversy exceeding $5,000,000, it has failed to present any evidence of how many of its part-time employees meet the class definition, despite ample opportunity to do so in its petition for removal, the meet and confer

process preceding the Plaintiff's motion to remand, and in its opposition memorandum to that motion. It appears not to take a position on this point at this time, so that it may later argue at class certification that many of these part-time employees do not meet the class definition – a position contrary to its argument here which seeks to establish the highest possible amount in controversy. In the absence of specific testimony regarding how many of the part-time employees are actually putative class members, Defendant's motion rests on an unsupported premise.

I.      **The Labor Management Relations Act Does Not Preempt Plaintiff's Claims**

In *Lividas v. Bradshaw*, 512 U.S. 107 (1994), the United States Supreme Court held that an employee's claim under the California weekly payment of wage statute (materially identical to the Massachusetts statute) was not preempted, and that the employer did not have even a "colorable argument" that the plaintiff's independent statutory claim was preempted. *Id.* at 124. The Court was unequivocal that the "mere need to 'look to' the collective-bargaining agreement for damages computation is no reason to hold the state-law claim defeated by §301." *Id.* at 125. Rather, there must be a *dispute* as to the meaning of certain contractual provisions. *Id.* at 124 ("when the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished."). Relying on *Lividas*, the First Circuit has held that there must be "a *real* interpretative dispute and not merely a pretended dispute" in order for a claim to be preempted. *Martin v. Shaw's Supermarkets, Inc.*, 105 F.3d 40, (1st Cir. 1997)(emphasis in original).

Defendant advances only vague arguments about the CBA provisions that purportedly require interpretation to resolve the Plaintiffs' claims – without ever identifying a *real dispute* about those provisions. It contends that Section 52 of the CBA must be interpreted because it states that employees should "punch in" at the start of the day and "punch out" at the end of the day. This unremarkable proposition does not address any of the issues in this action, and need not be

2

interpreted to resolve the Plaintiff's claims.  The claim that the Defendant's time clocks do not count the first five minutes that an employee is required to be at work is a factual dispute, not a contractual interpretation dispute -- as Defendant concedes.  *See* Def. Opp. at 6 ("which UPS denies as a factual matter").  Notably, Defendant does not contend that the CBA permits it to deny payment to employees for time in which they are required to be at work.  If it did, there would be a *real interpretive dispute* requiring analysis of the CBA.[1]  Here, however, both parties agree that the Plaintiff and the other class members were entitled to be paid for all required work hours.  The only dispute is whether UPS accurately counted those hours and paid for them.  Plaintiff intends to prevail on this factual dispute by examining the Defendant's punch-in and punch-out records, and his proof may well require expert computer forensic testimony.  However, other than obtaining the hourly wage rates for the employees, the Plaintiff's proof will not require an examination of the CBA.[2]  In the absence of a dispute about the meaning of a contractual provision, and Defendant identifies none, there can be no preemption.

## II.      Defendant Has Not Met Its Burden To Show There is $5,000,000 in Controversy

Defendant does not dispute that it is its burden to demonstrate that there is $5,000,000 in controversy and that any removal statute must be strictly construed.  Defendant refuses to state under oath that all 2,791 part-time employees it has identified meet the class definition here.  This omission is critical.  There is no reason to assume or speculate about the number of part-time employees that

---

[1] Defendant also cites Articles 22 and 55 of the CBA that contain provisions regarding guaranteed pay.  However, Plaintiff's claim for reporting to work without pay is based on an independent right set forth by a regulation interpreting the Massachusetts wage laws.  455 C.M.R. 2:03 ("When an employee who is scheduled to work three or more hours reports for duty at the time set by the employer, and that employee is not provided with the expected hours of work, the employee shall be paid for at least three hours on such day at no less than the basic minimum wage.").  Plaintiff's claim is for three hours of work as set forth by regulation, not for any rights guaranteed by the CBA.

[2] *See Fant v. New England Power Service Co.*, 239 F.3d 8, 15 (1st Cir. 2001)(checking wage rates set forth in CBA does not rise to interpretation, and cases "alleging a violation of state law without

3

work "unloading, sorting, tagging and reloading packages" when Defendant obviously is in possession of this information. Complaint, ¶3. If the Court makes the inference that all such employees have jobs that meet the class definition and finds that the amount in controversy has been met, Defendant should be estopped from subsequently arguing at class certification that any of these employees do not meet the class definition. However, it is the Plaintiff's position that because Defendant has presented no evidence that all 2791 part-time employees are putative class members, Defendant has not met its burden, and the case should be remanded to state court.

### III. Conclusion

For the reasons stated herein and in the Plaintiff's opening memorandum of law in support of its motion to remand, Plaintiff respectfully requests that this Court remand this action to state court.

Dated: September 21, 2007                    By the attorneys for the Plaintiff and the Class,

/s/ Todd S. Heyman
Thomas V. Urmy, Jr. (BBO #506620)
Todd S. Heyman (BBO #643804)
SHAPIRO HABER & URMY LLP
53 State Street
Boston, Massachusetts 02109
(617) 439-3939

Philip J. Gordon (BBO #630989)
GORDON LAW GROUP LLP
535 Boylston Street, 6th Floor
Boston, Massachusetts 02116
(617) 536-1800

### Certificate of Service

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as nonregistered participants on the date of filing.

/s/ Todd S. Heyman
Todd S. Heyman

---

asserting a breach of the CBA" are not preempted).