UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREGORY SHEA on Behalf of and Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC.<br><br>Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>*   Civil Action No. 07-11384-JLT<br>*<br>*<br>*<br>* |

ORDER

February 4, 2008

TAURO, J.

After considering the relevant submissions, this court hereby ALLOWS Plaintiff's Motion to Remand [#6]. Defendant raises two independent arguments to remove the case to federal district court. Neither succeeds.

First, Defendant asserts that there is a bona fide interpretive dispute in the Collective Bargaining Agreement ("CBA"), which requires the application of federal law. The proper resolution of this case may indeed require *reference* to provisions of the CBA. But this is not a case that requires "active interpretation"[1] of a "plausibly disputed provision of the collective bargaining agreement."[2] Plaintiff claims he was not paid for certain time worked due to Defendant's timekeeping procedures. The resolution of such a claim need not involve thorough analysis of the CBA, but only a review of time sheets and other recording methods.

---

[1] See Lydon v. Boston Sand & Gravel Co., 175 F.3d 6, 11 (1st Cir. 1999).

[2] See Martin v. Shaw's Supermarkets, 105 F.3d 40, 42 (1st Cir. 1997).

Second, Defendant asserts that the amount-in-controversy exceeds $5 million, making the case proper for removal under the Class Action Fairness Act. But Defendant has not buttressed this assertion with a proper factual foundation. Defendant states that some 2,791 persons worked part-time during the applicable three-year period. Defendant then assumes that each part-time employee worked for the full three-year period, and calculates the amount of unpaid work accordingly. But certainly some employees would, like Plaintiff, have only worked for a small fraction of the applicable period. Since Defendant is in possession of this information, it should have made a stronger factual showing, both of the actual number of potential class action members, the length of time each was employed by Defendant, and the possible value of their claims. Without such information, Defendant cannot meet CAFA's amount-in-controversy requirement.[3]

The clerk is directed to remand the case back to Suffolk County Court.

IT IS SO ORDERED.

   /s/ Joseph L. Tauro
United States District Judge

---

[3] The First Circuit has yet to decide whether the removing party must prove the amount-in-controversy by a "preponderance of the evidence," or to a "legal certainty." See Radlo v. Rhone-Poulenc, S.A., 21 F. Supp. 2d 61, 63-64 (D. Mass. 2002) (O'Toole, J.). This court finds that Defendant has not made the necessary showing under either standard.